**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

In Re:      Ali Farooq Younus,                  )      Case No.  24-40355-can7
                              Debtor.      )

## MOTION TO WITHDRAW FIRM WM LAW AS COUNSEL FOR DEBTOR

COMES NOW attorney Chelsea S. Williamson of WM Law, (hereinafter "WM Law"), with her limited appearance as co-counsel solely to file this Motion to Withdraw counsel Errin P Stowell and the firm WM Law as Counsel for above-captioned Debtor, and in accordance with the United States Bankruptcy Court for the Western District of Missouri Local Rule 2091-1(A), respectively states the follows:

1.      On or about March 19, 2024, Debtor executed an Engagement Agreement with counsel Errin P. Stowell of WM Law to represent him in filing a Chapter 13 Bankruptcy.

2.      On March 20, 2024, Debtor filed a Petition, Schedules and Plan for Chapter 13 relief.

3.      On September 3, 2024, Debtor's Plan was confirmed by Order of this Court [Doc. #53].

4.      On March 7, 2025, WM Law received a call from an attorney Christopher Perkins on behalf of Luxury Lease Company LLC, (hereinafter "Luxury"), about a 2020 Lamborghini they were leasing to Debtor, of which WM Law and counsel Mr. Stowell were unaware.

5.      On March 10, 2025, Debtor advised he was working directly with Luxury and other creditors and wanted to dismiss his Chapter 13 to negotiate settlements directly with his creditors.

6.      On March 11, 2025, counsel Mr. Stowell filed a Voluntary Motion to Dismiss [Doc. #90].

7.      On March 18, 2025, the United State Trustee, (hereinafter "the UST"), entered her appearance and filed an Objection to Debtor's Motion to Dismiss [Doc. #95], and filed a Motion to Convert to a Chapter 7 [Doc. #96].

8.      On March 21, 2025, Debtor informed WM Law he intended to retain a different attorney.

9.      After numerous email exchanges, phone calls, and a meeting with Debtor on March 31, 2025 about the need to amend his Schedules to fully disclose his omissions, Debtor consented to the conversion.

10. On April 3, 2025, Mr. Stowell informed Debtor that he and WM Law would be withdrawing as counsel and provided various referrals for new counsel, to which Debtor had no objections as he had previous advised he was retaining new counsel.

11. On April 9, 2025, Mr. Stowell filed a no-objection Response to the UST's Motion to Convert [Doc. 105].

12. On April 11, 2025, this Court entered an Order Denying Debtor's Motion to Dismiss [Doc. #109] and granted the UST's Motion to Convert [Doc. #110], setting the deadline for Debtor's conversion schedules for April 25, 2025.

13. Janice Stanton was appointed as Chapter 7 Trustee, and the Chapter 7 Meeting of Creditors was scheduled for May 15, 2025, at 11:00AM.

14. With no further communications from Debtor about meeting and preparing conversion schedules, the schedules were not filed, and this Court entered an Order Dismissing Case on April 30, 2025 [Doc. #116].

15. On May 1, 2025, Chapter 7 Trustee Janice Stanton filed a Motion to Vacate the Order of Dismissal and Reinstate Case [Doc. #118], and on May 2, 2025, this Court entered its Order granting and reinstating the case [Doc. #119].

16. Before counsel Mr. Stowell could prepare and file a Motion to Withdraw as Counsel as agreed, he suffered a medical emergency on Saturday May 3, 2025, and is currently being hospitalized.

17. Today, on May 5, 2025, without any prior conference with WM Law, Debtor filed a *Pro Se* Motion to Reconsider Order Granting Trustee's Motion to Vacate the Order of Dismissal and Reinstate Case [Doc. #130], incorrectly alleging counsel Mr. Stowell "became medically incapacitated and is no longer able to represent Debtor" [para. 3 of Debor's Motion], when it had already been agreed that counsel Mr. Stowell was withdrawing as counsel and Debtor was obtaining new representation.

18. Debtor further incorrectly alleged "Debtor has been without legal representation and was not adequately advised or prepared to respond to all court directives within the required timeframes." [para. 4 of Debtor's Motion], when the medical emergency just happened two days prior over the weekend.

19. Debtor's Motion is misleading and inaccurate.

20. Missouri Rules of Professional Conduct Rule 4-1.16(a)(1) states: "a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the

2

representation of a client if the representation will result in violation of the rules of professional conduct or other law."

21.    Furthermore, Rule 4-1.16(b) of Missouri Rules of Professional Conduct states:

Except as stated in Rule 4-1.16(c), a lawyer may withdraw from representing a client if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;

> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

> (3) the client has used the lawyer's services to perpetrate a crime or fraud;

> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

> (7) other good cause for withdrawal exists.

22.    From the beginning, Debtor has not been forthcoming with counsel Mr. Stowell, as evidenced by the allegations stated in Luxury's Motion filed March 28, 2025 [Doc. #102], and by the allegations stated in the UST's pleadings.

23.    Debtor has failed to comply with the terms of representation to which he agreed. Additionally, WM Law and Debtor have significant and irreconcilable issues with trust, and the Attorney-Client relationship is irreparably fractured.

24.    Counsel Mr. Stowell and WM Law can longer ethically represent Debtor due to his continued omissions, lack of cooperation, and absence of transparency.

25.    Any continued representation would violate WM Law's duties under the Missouri Rules of Professional Conduct.

26.    Based upon the foregoing, and for good cause shown, WM Law moves the Court for an Order permitting counsel Mr. Stowell and WM Law to withdraw as counsel for Debtor.

27.     On May 5, 2025, counsel Ms. Williamson emailed a copy of this Motion with a letter officially terminating representation upon a ruling and Order of this Court.

28.     Email and Letter together are attached hereto and incorporated by reference as *Exhibit: 1.*

29.     Additionally, the undersigned attorney has sent a copy of this Motion to Withdraw by both regular and certified mail, return receipt to Debtor at his address:

> Ali Farooq Younus
> 1009 SE Auburn Ct.
> Blue Springs, MO 64014

WHEREFORE, for good cause shown, WM Law respectfully requests this Court's Order allowing counsel Mr. Stowell and WM Law to withdraw as counsel for Debtor, and the undersigned from further representation of Debtor in this proceeding, and for such further relief as the Court deems equitable and proper.

Dated: May 5, 2025

Respectfully submitted,
WM Law

*s/ Chelsea S. Williamson*

Chelsea S. Williamson, MO #51089
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
williamson@wagonergroup.com
ATTORNEY FOR DEBTOR IN LIMITED CAPACITY

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2025, the foregoing was delivered via e-mail to the parties that are registered to receive electronic filings on ECF, and regular first class, postage prepaid and e-mail to the Debtor listed below who is not registered to receive electronic filings on ECF.

Ali Farooq Younus
1009 SE Auburn Ct.
Blue Springs, MO 64014
ali.oca@yahoo.com

*s/ Chelsea S. Williamson*

4